**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HIS AMERICAS FOUNDATION LP, § § *Appellant*, § § v. § § DK JOINT VENTURE 1, *et al*, § § *Appellees*. § | | CIVIL ACTION No. 4:09CV611 JUDGE RON CLARK |

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

Appellant HIS Americas Foundation L.P. appeals from the November 2, 2009 Order denying motions to enforce a settlement agreement, entered by the Bankruptcy Court for the Eastern District of Texas, in Case Number 07-42388, Hon. Brenda T. Rhodes, Presiding.

The issues on appeal are whether the Bankruptcy Court erred or abused its discretion by: (1) declining to exercise its jurisdiction to determine a dispute between Appellant and Appellees concerning the ownership of certain claims that had been pursued by Appellees in arbitration; or (2) denying Appellant's motion to enforce a compromise settlement agreement between the United States Trustee and certain Defendants in the arbitration action.

Because Judge Rhoades's November 2, 2009 Order was interlocutory, the court does not have jurisdiction over this appeal. Even assuming that jurisdiction did exist, the court would nevertheless find no error in the bankruptcy court's rulings. This appeal is dismissed.

# I. BACKGROUND

On February 15, 2007, Appellees filed two separate arbitration demands/petitions with the American Arbitration Association ("AAA") against Richard Weyand, Peter Thiessen, Discovery Energy, LLC, Lionheart Energy, LLC, Discovery Oil & Gas, LLC, and several other business entities and individuals (the "Weyand Defendants"). Appellees generally alleged that in 2005 and 2006, Mr. Weyand and Mr. Rogers induced them to invest in certain fraudulent oil and gas ventures.

On February 16, 2007, the Appellees filed the same two arbitration demands as petitions in Texas state court, Dallas County, Texas. The Weyand Defendants removed the state court cases to the United States District Court for the Northern District of Texas, Dallas Division, and the court then consolidated the two cases into a single action, with Judge Ed Kinkeade presiding. The Weyand Defendants filed a motion to transfer or dismiss under Fed. R. Civ. P. 12, which was denied on January 29, 2008. In this Order, Judge Kinkeade found that there was a valid agreement to arbitrate between all of the parties, and left the issue of whether the claims could be arbitrated to the arbitrators.

After Appellees filed their arbitration demands, several of the Weyand Defendants filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Texas. Before Judge Kinkeade issued his January 29, 2008 order, the Weyand Defendants notified the arbitration panel of the filing of each bankruptcy petition, and in response, the arbitration panel severed Discovery Energy, LLC, Lionheart Energy, LLC, and Discovery Oil & Gas, LLC (the "Debtors") from the arbitration proceeding.

In the bankruptcy proceedings, the Trustees moved for approval of a compromise and settlement agreement between the Trustees and the Weyand Defendants on November 26, 2008. On January 12, 2009, Judge Rhoades granted the Trustees' motion and approved the settlement agreement, while retaining jurisdiction to settle disputes regarding the order and the settlement. As part of the compromise and settlement agreement, the Trustees were to sell the claims of the bankrupt estates to certain "Settling Parties," and assign the claims against Mr. Weyand to an entity he designated for $350,000 cash and a promissory note for $970,000. On the same day that Judge Rhoades approved the compromise settlement agreement, the Debtors filed a motion to enforce the agreement. Appellant, the assignee of the causes of action in question, and the Trustees subsequently joined the Debtors' motion to enforce the settlement agreement.

On February 18, 2009, the Appellees, the Trustees, the Settling Parties, and Appellant participated in a hearing that was conducted by Judge Robert McGuire[1] on the Debtors' motion to enforce the agreement. Judge McGuire later entered an order stating that the hearing on the motion to enforce the agreement would be continued until after the AAA had issued a final arbitration award. Judge McGuire also ordered that at the continued hearing, the court would review the arbitration award and determine its jurisdiction, and that the parties reserved all of their rights regarding the motion.

The arbitration panel issued its award on April 1, 2009, which determined that Mr. Weyand was personally liable for damages in excess of $13 million out of an overall judgment in excess of $14 million to Appellees under a number of legal theories. The panel also determined

---

[1] Judge McGuire presided over this hearing in the Eastern District bankruptcy case, despite the fact that the case was assigned to Judge Rhoades. Neither side explains why this was the case.

that all relief requested in the arbitration and not granted in the award was denied. Appellees then filed a motion for confirmation of the arbitration award in the Northern District, which was granted by Judge Kinkeade on September 2, 2009.

On April 9, 2009, Appellant and the three Debtors filed a joint renewed motion to enforce the compromise and settlement agreement in the Bankruptcy Court, which requested the court to hold a hearing on the motion and determine which causes of action described in the arbitration award constituted property of the Debtors' bankruptcy estate assigned to Appellant. Appellees' response to the motion argued that Judge Kinkeade in the Northern District maintained prior, dominant jurisdiction over the issues and parties.

Judge Rhoades denied the motions to enforce the compromise and settlement agreement on November 2, 2009, declining to exercise its concurrent jurisdiction in light of Judge Kinkeade's September 2, 2009 Order in the Northen District, granting Appellees' motion to confirm the arbitration award. Appellant appeals from Judge Rhoades's November 2 Order.

## II. STANDARD OF REVIEW

A bankruptcy court's denial of a motion to enforce a compromise settlement agreement is reviewed for abuse of discretion, *Deville v. United States*, 202 Fed. App'x. 761, 762 (5th Cir. 2006), as is the court's decision not to exercise its jurisdiction. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 183-84 (5th Cir. 2002). However, if the court's decision not to exercise its jurisdiction is based on underlying legal conclusions, those legal conclusions are reviewed de novo. *Id.* at 184.

## III.  DISCUSSION

A.  <u>The Court Does Not Have Jurisdiction Over This Appeal</u>

Before the court reaches the merits of Appellant's appeal, it must first determine whether it has jurisdiction at all.  Appellees first suggest that the court does not have jurisdiction over this appeal under 28 U.S.C. § 158(a)(1) because Judge Rhoades's November 2, 2009 Order was an interlocutory, not a final, order.

In *In re Holloway*, 370 F. App'x 490 (5th Cir. Mar. 15, 2010), the Debtor filed a Chapter 7 bankruptcy appeal and received a discharge.  The day after discharge, an individual creditor holding a promissory note co-signed by the Debtor filed a complaint to determine dischargeability and a motion for relief from the discharge.  Over several months, the parties engaged in settlement negotiations, which, after resulting in agreement as to substance, ultimately broke down over the form of the settlement.  Throughout the settlement process, the creditor's complaint remained pending.  The creditor then filed a motion to enforce the settlement agreement, which was denied.  The creditor then filed a direct appeal of the bankruptcy court's order to the district court.

On appeal, the Fifth Circuit concluded that the bankruptcy court's order was not an appealable order to either the district or appellate court.  The court stated that the denial of the motion to enforce a settlement agreement was interlocutory, rather than a final, appealable order, because "after it ruled on the enforceability of the settlement agreement, the bankruptcy court was still left with an adversary proceeding." *Id.* at 492-93 (citing *In re Tidewater Group, Inc.*, 734 F.2d 794, 796-797 (11th Cir. 1984)).

Here, the bankruptcy case remains open on the docket sheet, indicating that the bankruptcy court is left with an adversary proceeding. Well after Appellant filed its notice of appeal, certain parties—i.e., the Trustees of the bankrupt estates and certain Weyand Defendants—moved for entry of an agreed judgment pursuant to a different, previously approved settlement. Judge Rhoades signed the agreed final judgment on May 17, 2010. The November 2, 2009 denial of Appellant's motion to enforce its compromise settlement agreement affected only a non-bankruptcy claim—the arbitration proceeding,—did not terminate the interest of any debtor of creditor, and has not ended the bankruptcy litigation. *See, e.g., In re Hunt Int'l Resources Corp.*, 57 B.R. 371 (N.D. Tex. 1985) (in the context of appealing an order appointing a trustee, the Order is interlocutory because "it does not end litigation on the merits or terminate the interest of Debtor or any creditors in the estate.").

The *Holloway* court did recognize that the district court would have had jurisdiction to review an interlocutory order had the bankruptcy court granted leave to appeal. Where a notice of appeal, but not a motion for leave to appeal, an interlocutory order has been filed, the district court can: (1) direct that a motion be filed, (2) grant leave to appeal exclusively on the papers already filed, or (3) deny leave to appeal. *Id.* at 493.

Here, the court concludes that denying leave to appeal would be the most appropriate choice. Judge Kinkeade's September 2, 2009 Order confirming the arbitration award, which Judge Rhoades cited in her November 2, 2009 Order as the reason for declining to exercise concurrent jurisdiction, is currently on appeal to the Fifth Circuit. *DK Joint Venture 1 et al v. Richard Weyand et al*, Case No. 09-11000. Oral argument in the case has been set for October 6, 2010. It makes little sense to conduct parallel proceedings, or to argue this case at the district

6

court level, when the appellate court will presumably render a binding decision regarding the arbitration award in the near future.

B.   Even Assuming the Court Has Jurisdiction, Judge Rhoades Did Not Err in Denying Appellant's Motion to Confirm

Appellant raises two issues in its appeal[2]: (1) declining to exercise its jurisdiction to determine a dispute between Appellant and Appellees concerning the ownership of certain claims that had been pursued by Appellees in arbitration; or (2) denying Appellant's motion to enforce a compromise settlement agreement between the United States Trustee and certain Defendants in the arbitration action. These are essentially the same issue: Judge Rhoades denied Appellant's motion to enforce the compromise settlement agreement because she declined to exercise her concurrent jurisdiction in light of Judge Kinkeade's September 2, 2009 Order granting Appellees' motion for confirmation of the arbitration award.

Appellant's brief argues that Judge Rhoades erred in two ways when ruling: (1) by refusing to enforce the parties' stipulations made in on the record before Judge McGuire on February 18, 2009, and (2) by erroneously treating Judge Kinkeade's September 2, 2009 order confirming the arbitration award as final, rather than interlocutory.

Appellant's first argument is somewhat unclear.  In exchange for continuing the February 18, 2009 hearing before Judge McGuire until after the arbitration panel had rendered a ruling, it was agreed that when the hearing continued, the parties' rights would be reserved "just like . .

---

[2]Appellant raises a series of arguments in its reply brief, supposedly in response to Appellee's brief, that were never touched upon in its opening brief, and have little, if any, application to the issues identified by Appellant in its opening brief.  For example, Appellant now raises an argument that the Appellees and the arbitrators violated the automatic stay.  Issues raised in a reply brief for the first time are waived.  *Richards v. Quarterman*, 566 F.3d 553, 562 n.2 (5th Cir. 2009).

7

.status quo today." Feb. 18, 2009 Hearing Tr. 32:13-34:23 [Doc. # 14]. As far as the court can tell, the parties' rights *were* preserved, as provided for in the stipulation—i.e., the parties had the ability to make the same arguments and assert the same legal theories after the arbitration panel ruled than they could before. What changed were the circumstances—i.e., Judge Kinkeade's ruling in the Northern District—which was beyond the bankruptcy court's control. The matter was taken up by Judge Rhoades after the arbitration panel had rendered a ruling, and Appellant was given the opportunity to urge its case using every argument or legal theory that was available to it in February 2009. Judge Rhoades, while concluding that she had concurrent jurisdiction, declined to exercise that jurisdiction in light of Judge Kinkeade's order. On the record before it, the court cannot say that this was error.

The second argument that Judge Kinkeade's September 2, 2009 Order was not final, and therefore did not need to be given res judicata or collateral estoppel effect, also fails. Judge Kinkeade entered judgment the following day in accordance with the September 2 Order. The September 2 Order is currently being appealed to the Fifth Circuit. These facts strongly indicate that the September 2 Order was final, even if the judgment did not dispose of all the Intervenors' claims. Therefore, Judge Rhoades's choice to decline to exercise concurrent jurisdiction since Judge Kinkeade had already made a ruling on essentially the same issue was not error.

Even assuming that the September 2 Order was not final, Appellant's argument still fails. Judge Rhoades did not find that she was *bound* by Judge Kinkeade's order, merely that she considered it inappropriate to exercise jurisdiction *in light of it*. Again, on the record before it, the court cannot conclude that this was error

## IV. CONCLUSION

Because Judge Rhoades's November 2, 2009 Order was interlocutory, the court concludes that it does not have jurisdiction over this appeal. Even assuming that jurisdiction did exist, the court finds no error in the bankruptcy court's rulings. This appeal is DISMISSED.

So **ORDERED** and **SIGNED** this **10** day of **September, 2010.**

_____
Ron Clark, United States District Judge